Phil'ip Medley BATES, Petitioner,

v.

**R.L. WRIGHT, Superintendent, Eastern Oregon Correctional Institution, Respondent.**

**Civ. No. 89–1195–FR.**

United States District Court, D. Oregon.

May 15, 1990.

Steven T. Wax, Federal Defender, Paul S. Petterson, Asst. Federal Defender, Portland, Or., for petitioner.

Dave Frohnmayer, Atty. Gen., Lynn David Larsen, Asst. Atty. Gen., Salem, Or., for respondent.

## OPINION

FRYE, District Judge:

Petitioner, Phillip Medley Bates, filed this action under 28 U.S.C. § 2254 attacking the disciplinary order of respondent, R.L. Wright, Superintendent of the Eastern Oregon Correctional Institution, which ordered Bates to be placed in segregation and recommended an extension of the parole release date of Bates. In response to this filing, respondent filed a motion to deny Bates' petition for a writ of habeas corpus (# 14).

## BACKGROUND

At approximately 8:30 p.m. on March 8, 1989, while he was conducting a routine search of Bates, a correctional officer observed a white, oval pill fall out of the pocket of the coveralls Bates was wearing. The search also uncovered another white, oval pill in Bates' upperbreast pocket. The pills were inscribed with the words "Theo–Dur 300." The pills had been prescribed for Bates with directions to take them twice a day for asthma at the "9:30 medication line and uh, morning medication line before breakfast." Testimony of Bates, Disciplinary Hearing Record, p. 7. Bates was not authorized to carry these pills around with him, but was directed to swallow them at the time they were administered to him.

A misconduct report was completed regarding the incident, and a hearing was scheduled. Bates received notice of the hearing along with the misconduct report and a notice of his rights at the disciplinary hearing.

A hearing was held on February 13, 1989, at which time Bates appeared and testified. Bates denied any violation. At the conclusion of the hearing, the hearings officer found that Bates violated Disciplinary Rules 7 and 11. Findings of Fact, Conclusions of Law, and Disciplinary Rec-

ommendations were prepared. The hearings officer wrote as follows:

**Finding of Fact:** At approximately 8:30 PM on 03–08–89 when Inmate Bates was being returned from the segregation recreation yard to his cell in the segregation unit, he was searched by Officer Bledsoe. This search revealed two (2) prescription pills hidden in his coveralls. These pills, Theo–Dur, 300 milligrams each, had been prescribed for Inmate Bates to control asthma. They are given at the dose of one pill twice each day; once at 6:00 AM and once at 9:00 AM. At the time the pills were discovered Inmate Bates falsely stated to the officer that the nurse had told him he could have them.

**Conclusions:**

1. Inmate Bates violated Rule 7, Possession, Manufacturing or Use of Dangerous Contraband, Misconduct Report F03–89–050.

2. Inmate Bates violated Rule 11, False Information to Staff Member, Misconduct Report F03–89–050.

3. I am declining to consider the charges that Inmate Bates violated Rule 5, Unauthorized Possession of Property, and Rule 10, Disobedience of an Order, in that they are effectively encompassed in the Rule 7 charge.

**Recommendations:** I am deeply concerned about Inmate Bates' continuing violation of the rules in segregation. This is obviously a very serious issue when inmates in the segregation unit hoard their medication instead of taking it as prescribed. In compliance with Department of Corrections Rule governing Inmate Prohibited Conduct and Procedures for Processing Disciplinary Actions, I have carefully and specifically considered all available sanctions in this matter. I have found that all sanctions considered individually or in combination to be inadequate for Inmate Bates' misconduct, with the exception of segregation. Additionally, in light of Department of Corrections Rule, I find that activity relating to or involving possessing, trafficking, or introducing; or attempting to possess, traffic, or introduce or conceal possession of dangerous contraband, calls for no more than three months disciplinary segregation. Therefore, in consideration of the totality of evidence as presented in this instant case, I am recommending three (3) months segregation from 03–08–89 through 06–07–89 inclusive, giving credit for time already served, for his Rule 7 violation and seven (7) days segregation from 06–08–89 through 06–14–89 inclusive for his Rule 11 violation. Additionally, in compliance with the Department of Corrections Rule governing Parole Release Date (Recommendation to Modify) I am classifying this misconduct as a Hazard to Security and I am recommending a 25% extension of Inmate Bates' Parole Release Date. These sanctions are considered necessary to deter Inmate Bates specifically and other inmates generally from similar acts of misconduct in the future.

Findings of Fact, Conclusions and Recommendations, pp. 1–2.

Bates appealed this disciplinary order. The Oregon Court of Appeals affirmed without opinion. *Bates v. Eastern Oregon Correctional Institution*, 98 Or.App. 762, 782 P.2d 185 (1989), *rev. denied*, 308 Or. 592, 784 P.2d 1099 (1989). Bates then filed this action.

Bates argues that the Findings of Fact were unfounded because the medication in his possession was prescribed for him and is not "dangerous contraband." Bates asserts that the Findings of Fact and the sanctions imposed are arbitrary and contrary to law.

Respondent argues that the evidence is sufficient to support the findings of the superintendent that Bates illegally possessed drugs and gave false information to prison staff members; that the process afforded Bates was adequate; and that the sanctions were not unduly harsh.

### ANALYSIS

In *Superintendent v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), the United States Supreme Court held that

due process is satisfied within the context of a prisoner's disciplinary hearing when the factual record provides "some evidence from which the conclusion of the administrative tribunal could be deduced." *Id.* at 455, 105 S.Ct. at 2774.

The record in this case contains ample evidence that Bates violated Rules 7 and 11 of the prison disciplinary code, "Rules of Prohibited Conduct." Bates was prescribed the drugs at issue, and he was authorized to receive them for ingesting in the medication line. There is no evidence, however, that Bates was authorized to hoard them and to carry them around in his coveralls. The court concludes that Bates violated Rule 7. Further, Bates' argument that the nurse told him that he could have them could reasonably be said to be misleading in violation of Rule 11.

█ Bates was required to receive 1) prior notice of the disciplinary charges; 2) the opportunity to call witnesses and present documentary evidence when consistent with institutional safety and goals; and 3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). After a careful review, the court finds that the process provided to Bates was adequate.

█ Finally, Bates asserts that the sanctions imposed were unduly harsh. The sanctions Bates received, however, were within the maximum permitted under OAR 291–105–053 and were adequately explained by the hearings officer.

Respondent's motion to deny habeas corpus relief (# 14) is granted. Bates' petition for a writ of habeas corpus is denied. Judgment will be entered for respondent.